## Moore v. Moore

*Reilly & Pearce*, for libellant.
*Morris Smith*, for respondent.

ERVIN, J., December 15, 1943.—When this matter was first handed to us for the allowance of the final rule and the signing of a final decree, we returned the papers to the file because the records showed that the subpœna had never been served upon respondent per-

sonally but service of the writ had been accepted by Morris Smith, Esq., attorney for respondent, and Mr. Smith had not entered his appearance. Mr. Smith had been appointed attorney for respondent by the court on the day the subpœna was allowed, because the court had been informed that respondent was in the military service of the United States. Since that time Mr. Smith has entered a general appearance and the papers have been handed up again.

Sections 27, 28, and 29 of The Divorce Law of May 2, 1929, P. L. 1237, indicate that respondent should be notified of the proceedings by service of the subpœna upon him personally or by publication. Prior to the Act of 1929 it was held that service upon respondent's attorney was not valid: Newberry v. Newberry, 22 Pa. C. C. 361; Hart v. Hart, 27 Berks 289.

However, the Act of 1929 added a new section, section 31, which reads:

"The respondent may, in any case brought under the provisions of this act, cause an appearance to be entered, and file an answer to the petition or libel, and the entry of a general appearance shall be equivalent to personal service of the subpœna and libel."

It, therefore, appears that the entry of a general appearance for respondent is equivalent to personal service and corrects any defect in such service. The act does not require the attorney for respondent to file his warrant of attorney, but several common pleas courts have required this by a local rule of court. For example, Rule 163 of the Courts of Common Pleas of Philadelphia County provides:

"The appearance of the attorney for the respondent shall be accompanied by a letter of attorney executed by the respondent and duly acknowledged in this county, or at the place of residence of the respondent, before an officer authorized by the laws of this State to take acknowledgment of deeds."

At the present time we have no similar rule of court and, therefore, under our practice at the time these papers were handed to us, libellant had complied with the requirements of The Divorce Law and of our rules of court. We must, therefore, enter the final decree.

However, it seems advisable to us that a rule of court should be adopted which will put the record in such shape that it will show that respondent has been informed of the proceedings. We do not feel it is necessary to insist upon the formality of an acknowledged warrant of attorney but we feel that respondent's attorney should file with his appearance a written authorization signed by respondent directing him to enter his appearance. A proper rule of court will be promulgated.